**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

Case No. 3:19-cr-191-J-34JBT

vs.

SCOTT BALOTIN
GREG CARTER
THOMAS JONES
JOHN CLARK WALTON
DAVID STEVENS
SAM TODD
DERWIN ALLEN
PABLO ORTIZ

_____

## O R D E R

 **THIS CAUSE** is before the Court on Defendant John Clark Walton's Objections to Magistrate Judge's Order Denying Motion for Bill of Particulars and Motion for Grand Jury Materials (Doc. 246; Walton's Objection), filed on November 13, 2020, and Defendant Greg Carter's Objection to the Magistrate's Order Denying Motion for Bill of Particulars and Motion to Inspect the Grand Jury Minutes and Request for Review (Doc. 247; Carter's Objection), filed on November 16, 2020 (collectively, "Objections").  The United States filed a consolidated response to the Objections on December 17, 2020.  See United States' Consolidated Response to Defendant Greg Carter's and Defendant John Clark Walton's Objections to the Magistrate Judge's Order Denying Their Motions for Bill of Particulars and Motions to Inspect Grand Jury Minutes (Doc. 259; United States' Response to Objections).  Accordingly, the matter is ripe for resolution.

## I.     Relevant Background

On August 12, 2020, Defendants John Clark Walton and Greg Carter filed motions requesting that the United States furnish them a bill of particulars.  See Defendant John Clark Walton's Motion for a Bill of Particulars and Memorandum of Law (Doc. 218; Walton's Motion for Bill of Particulars) and Defendant Greg Carter's Motion for a Bill of Particulars, Memorandum of Law in Support, and Request for Oral Argument (Doc. 219; Carter's Motion for Bill of Particulars) (collectively, "Motions for a Bill of Particulars").  The Defendants generally argued that the Indictment (Doc. 1) is improperly vague and a bill of particulars was necessary to apprise them of the illegal conduct with which they are charged, to allow them to prepare their defense, to enable them to plead double jeopardy, and to avoid surprise at trial.  Walton's Motion for a Bill of Particulars at 1; Carter's Motion for a Bill of Particulars at 2.  With permission of the Court, Defendant Thomas Jones adopted Carter's Motion for a Bill of Particulars on August 13, 2020.  See Motion to Adopt (Doc. 220); Clerk's Minutes (Doc. 240) (granting Jones' Motion to Adopt).

Defendants Walton and Carter also filed motions requesting to inspect various grand jury materials on September 8, 2020, and September 9, 2020, respectively.  See Defendant John Clark Walton's Motion to Inspect Testimony Against Mr. Walton and the Legal Instructions Provided to the Grand Jury and Memorandum of Law (Doc. 226; Walton's Motion to Inspect Grand Jury Materials) and Defendant Greg Carter's Motion for Release of Grand Jury Minutes or, in the Alternative, Motion for In Camera Inspection of Grand Jury Minutes and Memorandum of Law In Support (Doc. 227; Carter's Motion to Inspect Grand Jury Materials) (collectively, "Motions to Inspect Grand Jury Materials").  In his motion, Walton requested a transcript of the evidence that provides "reasonable grounds for the

2

belief that all of the essential elements of the crime did occur" as well as the legal instructions provided to the grand jury. Walton's Motion to Inspect Grand Jury Materials at 1. In support, Walton argued that the information was necessary to determine whether grounds existed to seek dismissal of the Indictment. Id. In his motion, Carter requested the minutes of the grand jury proceeding relating to evidence implicating his involvement in the charged conspiracy as well as the legal instructions provided to the grand jury pertaining to the payment of kickbacks. Carter's Motion to Inspect Grand Jury Materials at 1-2. In the alternative, Carter requested that the Court conduct an in camera review of the information sought. Id. at 1. Carter insisted that the grand jury materials requested are essential to ascertain the nature of his conspiracy charges and as such, to prepare a defense. See id. at 3-4. Defendant Sam Todd moved to adopt Carter's Motion to Inspect Grand Jury Materials on September 15, 2020, see Motion to Adopt (Doc. 228), and the Court granted his request, see Clerk's Minutes (Doc. 240).

On September 17, 2020, the United States filed its responses to the Motions to Inspect Grand Jury Materials, see United States' Response In Opposition to Defendant John Clark Walton's Motion to Inspect Testimony Against Mr. Walton and the Legal Instructions Provided to the Grand Jury (Doc. 230) and United States' Response In Opposition to Defendant Greg Carter's Motion for Release of Grand Jury Minutes Or, In the Alternative, Motion for In Camera Inspection of Grand Jury Minutes (Doc. 231), and on September 30, 2020, the United States filed its responses to the Motions for a Bill of Particulars, see United States' Response to Defendant John Clark Walton's Motion for Bill of Particulars (Doc. 233) and United States' Response to Defendant Greg Carter's Motion for Bill of Particulars (Doc. 234). Before the Court resolved the various pending motions,

on October 16, 2020, Defendant Carter filed another motion, this time seeking to exclude "any and all evidence in the Government's possession and not disclosed prior to October 16, 2020," as a sanction for violating the Court's discovery order.  See Defendant Carter's Motion to Exclude (Doc. 236; Motion to Exclude).  The United States responded to the Motion to Exclude on October 27, 2020.  See United States' Response to Defendant Greg Carter's Motion to Exclude (Doc. 237).

In accordance with Rule 6.01, Local Rules, United States District Court, Middle District of Florida, and 28 U.S.C. § 636(b)(1)(A), the Honorable Joel B. Toomey, United States Magistrate Judge, addressed the various motions at a hearing held on October 30, 2020.  See Clerk's Minutes (Doc. 240); see also Hearing Transcript (Doc. 242).  At the hearing, Judge Toomey denied the Motion to Exclude, the Motions for a Bill of Particulars, and the Motions to Inspect Grand Jury Materials.  See id.  Thereafter, Defendants Walton and Carter filed the instant Objections, requesting that the Court set aside Judge Toomey's order and grant the Motions for a Bill of Particulars and the Motions to Inspect Grand Jury Materials.  See Walton's Objection and Carter's Objection.  The United States responded on December 17, 2020, and asked the Court to overrule Defendants' objections.  See United States' Response to Objections.

## II.    Standard of Review

Because Judge Toomey's October 30, 2020 decisions to deny the Motions for a Bill of Particulars and the Motions for Grand Jury Materials did not "dispose of a charge or defense," they are nondispositive rulings.  See Fed. R. Crim. P. 59(a); see also United States v. Propps, No. 4:18-CR-00003, 2019 WL 668465, at *2 (N.D. Ga. Feb. 19, 2019) (a

magistrate judge's denial of a motion for a bill of particulars is a nondispositive ruling)[1]; see also United States v. Vendetti, No. 10-CR-360, 2013 WL 5522434, at *8-9 (W.D.N.Y. Oct. 3, 2013) (a magistrate judge's denial of a motion to inspect grand jury minutes is a nondispositive order).  As such, to prevail in their Objections to Judge Toomey's rulings, Defendants Walton and Carter must establish that the rulings are clearly erroneous or contrary to law.  See Fed. R. Crim. P. 59(a); 28 U.S.C. § 636(b)(1)(A).  See also United States v. Cladek, Case No. 3:10-cr-277-J-32TEM, 2013 WL 12091686, at *1 (M.D. Fla. Aug. 1, 2013) ("Rule 59(a) . . . mandates the Court set aside or modify any part of a Magistrate Judge's order that is contrary to law or clearly erroneous.").

"Clear error is a highly deferential standard of review."  Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Id. (citations and quotations omitted).  A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'"  Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).  See also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[2]

---

[1] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam). See generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999);

### III.    Analysis

After careful consideration of the Objections, the relevant case law, the motions and responses at issue, the Indictment (Doc. 1), and the Hearing Transcript (Doc. 242), the Court finds no error, much less "clear error," in Judge Toomey's decision to deny Defendants' request that the Court order the United States to furnish a bill of particulars. In addition, the Court finds no error in Judge Toomey's decision to deny Defendants' request for materials related to the grand jury proceedings.   The Court further finds that Judge Toomey's decisions are not contrary to law.  Moreover, Defendants have failed to present any circumstances that warrant an in camera review of the materials at issue. Because Judge Toomey's decisions to deny Defendants' Motions for a Bill of Particulars and Defendants' Motions to Inspect Grand Jury Materials are not clearly erroneous or contrary to law, the Court will overrule the Objections.

Accordingly, it is

---

Computer Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999).  In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review. See Merritt v. Int'l Bhd. Of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981) ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations.").

**ORDERED**:

Defendant John Clark Walton's Objections to Magistrate Judge's Order Denying Motion For Bill of Particulars and Motion for Grand Jury Materials (Doc. 246) and Defendant Greg Carter's Objection to the Magistrate's Order Denying Motion For Bill of Particulars and Motion to Inspect the Grand Jury Minutes and Request For Review (Doc. 247) are **OVERRULED**.

**DONE AND ORDERED** in Jacksonville, Florida on January 15, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:

Counsel of Record
The Honorable Joel B. Toomey, United States Magistrate Judge

7