UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:19-cr-191-MMH-JBT

SCOTT BALOTIN
GREG CARTER
THOMAS JONES
PABLO ORTIZ
SAM TODD
JOHN CLARK WALTON

**UNITED STATES' MEMORANDUM OF LAW REGARDING FORFEITURE**

The United States of America submits the following memorandum regarding the procedure governing the forfeiture sought in this case.[1]

**MEMORANDUM OF LAW**

The United States seeks an order of forfeiture of proceeds against each defendant and the forfeiture of specific assets as to each defendant as follows:

1. **Scott Balotin:**

    a. at least $2,527,373.37 in proceeds obtained as a result of the commission of the offenses charged in counts One, Two, Ten and Twelve;

    b. Real property located at 1133 W. Kesley Lane, St. Johns, St. Johns County, Florida 32259, including all improvements thereon and appurtenances thereto;

    c. Real property located at 2984 Myra Street, Jacksonville, Duval County, Florida 32205-5861, including all improvements thereon and appurtenances thereto;

---

[1] This memorandum is being filed in conjunction with the United States' proposed special verdict forms and forfeiture instructions.

    d.      Real property located at 2678 Ernest Street, Jacksonville, Duval County, Florida 32204-3427, including all improvements thereon and appurtenances thereto;

    e.      Real property located at 5831 Begonia Road, Jacksonville, Duval County, Florida 32209-2422, including all improvements thereon and appurtenances thereto;

    f.      Real property located 4056 Jammes Road, Jacksonville, Duval County, Florida 32210-5078, including all improvements thereon and appurtenances thereto;

    g.      Real property located at 3638 Jammes Road, Duval County, Florida 32210-5056, including all improvements thereon and appurtenances thereto;

    h.      Real property located at 2319 Eudine Drive, W., Jacksonville, Duval County, Florida 32210-2622, including all improvements thereon and appurtenances thereto; and

    i.      Real property located at 5839 Cedar Oaks Drive, Jacksonville, Duval County, FL 32210-3808, including all improvements thereon and appurtenances thereto.

**2.**    **Greg Carter:**

    a.      at least $29,872,634.38 in proceeds obtained as a result of the commission of the offenses charged in Counts One, Eleven and Fourteen;

    b.      $175,898.98 seized from Center State Bank Small Business Checking Account Number 1054652, titled to Carter's Park & King Pharmacy;

    c.      $2,816,889.56 seized from Center State Bank Business Savings Account Number 6012973, held in the name of Park & King Pharmacy;

d. Cashier's Check No. 27445 in the amount of $3,000,000.00, seized from Center State Bank;

   e. Cashier's Check No. 27446 in the amount of $293,501.84 seized from Center State Bank; and

   f. Real Property located at 2053 Salt Myrtle Lane, Fleming Island, Clay County, Florida 32003, including all improvements thereon and appurtenances thereto.

3. **Thomas Jones:**

   a. at least $1,389,840.27 in proceeds obtained as a result of the commission of the offenses charged in Counts One, Four, Nine and Seventeen;

   b. a 2015 Cadillac Escalade, VIN 1GYS3PKJXFR681975; and

   c. Real Property located at 3691 S. Cathedral Oaks Place, Jacksonville, Duval County, Florida 32217, including all improvements thereon.

4. **Pablo Ortiz:**

   a. at least $119,768.33 in proceeds obtained as a result of the commission of the offenses charged in Counts One, Six and Sixteen.[2]

5. **Sam Todd:**

   a. at least $41,835.95 in proceeds obtained as a result of the commission of the offenses charged in Counts One, Three, and Thirteen.[3]

---

[2] The United States only seeks an order of forfeiture of proceeds and does not seek to forfeit any specific asset as to Pablo Ortiz. Accordingly, Pablo Ortiz does not have a special verdict form.

[3] The United States only seeks an order of forfeiture of proceeds and does not seek to forfeit any specific asset as to Sam Todd. Accordingly, Sam Todd does not have a special verdict form.

6. **John Clark Walton:**

   a. at least $2,341,771.86 in proceeds obtained as a result of the commission of the offenses charged in Counts One, Seven and Fifteen; and

   b. a 2015 Ford Thor Motor Coach, Outlaw Series M-38RE, VIN 1F66F5DY9F0A02024, registered to John Clark Walton and Kimberly Diane Walton.

The specific funds, vehicle and real properties (a) constitute, or were derived from, or are traceable to proceeds obtained, directly or indirectly, from the commission of: (1) a conspiracy to commit healthcare fraud, (2) solicitation or receipt of healthcare kickbacks, or (3) payment of healthcare kickbacks, and/or (b) were involved in the money laundering offense, or any property traceable to such property, as charged in the Indictment.

In the event that Scott Balotin is convicted of any or all of Counts One, Two, Ten, or Twelve; Greg Carter is convicted of any or all of Counts One, Eleven or Fourteen; Thomas Jones is convicted of any or all One, Four, Nine or Seventeen; Pablo Ortiz is convicted of any or all of Counts One, Six or Sixteen; Sam Todd is convicted of any or all of Counts One, Three or Thirteen; and John Clark Walton is convicted of any or all of Counts One, Seven or Fifteen of the Indictment, this memorandum outlines why, pursuant to Fed. R. Crim. P. 32.2(b)(5), the Court—and not the jury—should determine the amount of each defendant's order of forfeiture. It further outlines the procedure the United States proposes for obtaining a jury

determination on the forfeiture of the specific assets should the defendants request a jury determination on the forfeiture, pursuant to Fed. R. Crim. P. 32.2(b)(5).

I.   **Applicable Statutes**

The Indictment charges Scott Balotin, Greg Carter, Thomas Jones, John Clark Walton, Sam Todd and Pablo Ortiz in Count One with conspiracy, in violation of 18 U.S.C. § 1349, to commit health care fraud (in violation of 18 U.S.C. § 1347).

The Indictment charges Scott Balotin in Count Two, Sam Todd in Count Three, Thomas Jones in Count Four, Pablo Ortiz in Count Six and John Clark Walton in Count Seven with solicitation or receipt of health care kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1)(a).

The Indictment charges Thomas Jones in Count Nine, Scott Balotin in Count Ten and Greg Carter in Count Eleven with payment of health care kickbacks, in violation of 42 U.S.C. § 1320a-7b(B)(2)(A).

The Indictment charges Scott Balotin in Count Twelve, Sam Todd in Count Thirteen, Greg Cater in Count Fourteen, Thomas Jones in Count Seventeen, John Clark Walton in Count Fifteen, and Pablo Ortiz in Count Sixteen with illegal monetary transactions, in violation of 18 U.S.C. § 1957.

In sentencing a person convicted of a conspiracy, in violation of 18 U.S.C. § 1349, to commit health care fraud (18 U.S.C. § 1347), the Court's authority to enter an order of forfeiture of proceeds against the defendants and to forfeit specific assets is found in 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P.

32.2, which provides for the civil forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7)(F) of Title 18), or a conspiracy to commit such offense (specifically 18 U.S.C. § 1347). *See* 18 U.S.C. § 981(a)(1)(C). A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7)(F) includes any act or activity constituting an offense involving a "Federal health care offense." "Federal health care offense," in turn, is defined in 18 U.S.C. § 24 to include violation of 18 U.S.C. § 1347 and 1349 relating to health care benefit programs. Pursuant to 28 U.S.C. § 2461(c), the United States is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of such property are governed by 21 U.S.C. § 853.

The United States may criminally forfeit, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

Further, in sentencing a person convicted of solicitation or receipt of health care kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1)(a), or payment of health care kickbacks, in violation of 42 U.S.C. § 1320a-7b(B)(2)(A), the Court's authority to enter an order of forfeiture of proceeds against the defendants and to forfeit specific assets is found in 18 U.S.C. § 982(a)(7), which provides for forfeiture of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

In addition, in sentencing a person convicted of illegal monetary transactions, in violation of 18 U.S.C. § 1957, the Court's authority to forfeit specific assets is round in 18 U.S.C. § 982(a)(1), which provides for forfeiture of any property, real or personal, involved in such offense, or any property traceable to such property.

II.     **Forfeiture Proceeding**

There is no constitutional right to a jury determination regarding forfeiture of property. *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection"). The only right to a jury trial for forfeiture proceedings is created in Federal Rule of Criminal Procedure 32.2(b)(5). *See United States v. Gaskin*, No. 00-cr-6148, 2002 WL 459005, at *9 n.3 (W.D.N.Y. 2002) (notwithstanding *Libretti*, which appears to make trial by jury on the forfeiture issue inappropriate, Rule 32.2(b)(4) gives a defendant the right to have the jury determine the forfeiture if the case was tried before a jury), *aff'd*, 364 F.3d 438 (2d Cir. 2004).[4]

Federal Rule of Criminal Procedure 32.2 sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture. In order to have a jury determination on property subject to forfeiture, <u>prior to the jury's commencement of deliberations regarding guilt</u>, a party must

---

[4] When Rule 32.2 was amended in December 2009, section (b)(4) became (b)(5).

request that the jury also make a forfeiture determination in the event that the jury delivers a guilty verdict. Therefore, the United States requests that the Court ask the defendants, prior to the commencement of jury deliberations, if not sooner, whether one or all of them will seek a forfeiture jury determination. *See* Rule 32.2(b)(5)(A). The United States will not request a jury determination.

### A. Order of Forfeiture

Importantly, Rule 32.2(b)(5) provides for each party's right to a jury determination on the forfeiture of *specific* property only. Pursuant to Rule 32.2(b)(5)(A) "if a party requests that a jury determine the forfeitability of *specific property*, the district court must submit that question to the jury by way of a special verdict form." *United States v. Curbelo*, 726 F.3d 1260, 1277 (11th Cir. 2013) *cert. denied*, 134 S. Ct. 962, 187 L. Ed. 2d 822 (2014). Because "the rule says nothing about a jury determining the amount of a money judgment", the Eleventh Circuit held that, "[b]y negative implication, a party is *not* entitled to a jury finding regarding a money judgment." *Id*. at 278.

Instead, "*the court* must determine the amount of money that the defendant will be ordered to pay." *Id.* (quoting Rule 32.2(b(1)(A)); *see* Rule 32.2(b)(1) ("If the government seeks a *personal money judgment*, *the court must determine the amount of money* that the defendant will be ordered to pay.") (emphasis added). The Eleventh Circuit's holding is consistent with that of other circuits. *See United States v. Phillips,* 704 F.3d 754, 769 (9th Cir. 2012) (holding there is no statutory right to have jury

determine amount of money judgment); *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011) (same)*; United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (same).

Thus, the defendants are not entitled to a jury determination on the amount of the order of forfeiture sought against each defendant in this case.

B.   **Specific Assets**

At any party's timely request, the jury may be charged to make a determination as to whether the United States has established the requisite nexus between the specific property it alleges is subject to forfeiture and the violations charged in the counts of conviction.   *See* Rule 32.2(b)(5).

It is not necessary for the jury to determine the extent of the defendant's interest in the property, as that issue is decided in an ancillary proceeding, if necessary.   It is the duty of the jury solely to determine whether the United States has established the requisite nexus between the property alleged to be subject to forfeiture and the offenses for which the defendants were found guilty.

Because forfeiture is an aspect of sentencing, the United States need only prove the elements of forfeiture by a preponderance of the evidence.   *See United States v. Dicter,* 198 F.3d 1284, 1289-90 (11th Cir. 1999) (elements of forfeiture under 21 U.S.C. § 853(a)(1) and (a)(2) must be proven under the preponderance standard); *United States v. Hasson*, 333. F.3d 1264, 1278 (11th Cir. 2003) (extending preponderance standard to forfeiture cases under 18 U.S.C. § 982(a)(1)).

Moreover, the post-*Libretti* changes to federal sentencing law do not impact forfeiture. *See United States v. Booker,* 543 U.S. 220, 258 (2005) (18 U.S.C. § 3554, the provision in the Sentencing Reform Act which requires the district court to enter an order of criminal forfeiture at sentencing, is "perfectly valid"). This is so because, as the United States Court of Appeals for the Second Circuit observed, *Booker* "prohibit[s] a judicial increase in punishment beyond a previously specified range; in criminal forfeiture, there is no previously specified range." *United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005) (holding that the Supreme Court's decisions in *Blakely* and *Booker* did not change the preponderance standard established in *Libretti*). The United States Court of Appeals for the Eleventh Circuit has held that the preponderance standard applies to forfeiture proceedings and that forfeiture proceedings are outside the *Apprendi* analysis. *United States v. Cabeza*, 258 F.3d 1256, 1257 (11th Cir. 2001) (per curiam) ("Because forfeiture is a punishment and not an element of the offense, it does not fall within the reach of *Apprendi*.").

Even where the jury right is invoked with regard to forfeiture of property, ultimately it is the Court that orders the forfeiture. Thus, if a defendant seeks a jury determination on the specific property to be forfeited, the jury would be required to answer questions that would allow the Court to enter the order of forfeiture. *See United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), *cert. denied*, 479 U.S. 930 (1986) (appellate court affirms method by which jury determined forfeitability; jury answered questions whether property acquired through criminal enterprise but trial

court entered order of forfeiture); *United States v. L'Hoste,* 609 F.2d 796, 813-14 (5th Cir.), *cert. denied*, 449 U.S. 833 (1980) (forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).

Because the jury resolves the factual elements necessary for a forfeiture order to be entered but the Court enters the order, the jury should not be advised of the ramifications of its decision, just as a jury is not advised of the ramifications of a verdict of guilt or innocence. Here, the portion of the Indictment entitled "Forfeiture" merely provide the defendants with the required statutory notice that the United States seeks to forfeit their property in accordance with the applicable statute. *See* Fed. R. Crim. P. 32.2(a), *Advisory Committee Notes*. For the reasons stated above, the portion of the Indictment entitled "Forfeiture" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury, until after the issue of innocence or guilt is decided. Hence, bifurcated proceedings are required. Fed. R. Crim. P. 32.2(b)(1).

Rule 32.2 further provides:

> If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

Fed. R. Crim. P. 32.2(b)(5)(B).

Should any of the defendants request a jury determination on the forfeiture of the specific assets, the United States asks that, in the second part of the jury's bifurcated deliberation, the Court issue its proposed jury instructions and special verdict forms, which provide interrogatories that will require the jury to determine the essential factual issues necessary for the Court to enter a forfeiture order.

## III. Conclusion

Should any of the defendants request a jury determination on the amount of proceeds he obtained as a result of his criminal activity, pursuant to Rule 32.2(b)(5), the United States requests that the Court deny the request because, for the reasons set forth above, there is no such right to a jury determination on that issue.

However, should any of the defendants timely request a jury determination on the forfeiture of the specific assets, pursuant to Rule 32.2(b)(5), the United States requests that the Court:

(1) instruct the jury on the issue of forfeiture only *after* the jury has returned any or all guilty verdicts on any or all of Counts One through Four, Six, Seven, and Nine through Seventeen of the Indictment;

(2) allow jury instructions regarding property subject to forfeiture and burden of proof;

(3) allow bifurcated argument on the forfeiture issue; and

(4)     provide the jury with the special verdict forms as proposed by the United States.

                                   Respectfully Submitted,

                                   KARIN HOPPMANN
                                   Acting United States Attorney

By:     *s/Mai Tran*
        MAI TRAN
        Assistant United States Attorney
        Florida Bar Number 100982
        300 N. Hogan Street, Suite 700
        Jacksonville, Florida 32202
        Telephone (904) 301-6301
        E-mail: mai.tran2@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Mai Tran*
MAI TRAN
Assistant United States Attorney
