UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:19-cr-191-MMH-JBT

SCOTT BALOTIN
GREG CARTER
THOMAS JONES
JOHN WALTON CLARK

## AMENDED PROPOSED FORFEITURE JURY INSTRUCTIONS

The United States of America requests that if any or all the defendants are convicted of any or all of the offenses charged in the Indictment as follows:

**Greg Carter:** Counts One, Eleven and Fourteen;

**Thomas Jones:** One, Four, Nine and Seventeen; and

**John Clark Walton:** One, Seven and Fifteen;

and, if the Court grants a request by any or all of the defendants for a jury determination regarding the forfeiture of the specific assets, then the following

jury instructions be given during the separate forfeiture hearing following the conviction.

        Respectfully Submitted,

        KARIN HOPPMANN
        Acting United States Attorney

By:   *s/ Mai Tran*
      MAI TRAN
      Assistant United States Attorney
      Florida Bar Number 100982
      300 N. Hogan Street, Suite 700
      Jacksonville, Florida 32202
      Telephone: (904) 301-6300
      Facsimile: (904) 301-6310
      E-mail: mai.tran2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Mai Tran*
MAI TRAN
Assistant United States Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 3:19-cr-191-MMH-JBT

SCOTT BALOTIN
GREG CARTER
THOMAS JONES
JOHN CLARK WALTON

SPECIAL JURY CHARGE

**FORFEITURE**

Members Of The Jury:

Your verdict in this case does not complete your jury service, as it would in most cases, because there is another matter you must now consider and decide, namely, whether there is a nexus between certain assets and the crimes for which one or all of the defendants were convicted.

In a portion of the Indictment and Second Amended Bill of Particulars not previously disclosed to you, it is alleged that certain assets constitute or were derived from proceeds of the offenses charged in the indictment and/or were involved in one or more of the money laundering offenses charged in the indictment.   In view of your guilty verdicts, you must also decide, under the law I will now explain to you, whether such assets should be forfeited to the United States.

The term "forfeited" simply means for someone to be divested or deprived of the ownership of something as a part of the punishment allowed by law for the

commission of certain criminal offenses.

In deciding these issues, you should consider all of the evidence you have already heard during the trial plus the additional evidence that will be presented to you when I finish giving you these instructions.

The forfeiture allegations of the Indictment and The Second Amended Bill of Particulars, a copy of which will be provided to you for your consideration during supplemental deliberations, describe the assets allegedly subject to forfeiture to the United States.

The assets which the United States alleges are subject to forfeiture are:

   a. $175,898.98 seized from Center State Bank, Small Business Checking Account Number 1054652, in the name of Carter's Park & King Pharmacy;

   b. $2,816,889.56 seized from Center State Bank, Business Savings Account Number 6012973, the name of Park & King Pharmacy;

   c. Cashier's Check No. 27445 in the amount of $3,000,000.00, seized from Center State Bank, and/or the funds on deposit securing said check;

   d. Cashier's Check No. 27446 in the amount of $293,501.84 seized from Center State Bank, and/or the funds on deposit securing said check;

   e. Real property located at 2053 Salt Myrtle Lane, Fleming Island, Clay County, Florida 32003;

   f. 2015 Cadillac Escalade, VIN 1GYS3PKJXFR681975;

   g. Real property located at 3691 S. Cathedral Oaks Place, Jacksonville, Duval County, Florida 32217; and

   h.  2015 Ford Thor Motor Coach, Outlaw Series M-38RE, VIN 1F66F5DY9F0A02024, registered to John Clark Walton and Kimberly Diane Walton.

In order to forfeit the assets, the United States must prove by a preponderance of the evidence that the assets either:

 a. constitute, or were derived from, or are traceable to proceeds obtained, directly or indirectly, from the commission of:

  1. a conspiracy to commit health care fraud,

  2. solicitation or receipt of health care kickbacks, or

  3. payment of health care kickbacks; and/or

 b. were involved in the money laundering offense, or any property traceable to such property, as charged in the Indictment.

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.

To be "derived" from something means that the assets under consideration must have been formed or developed out of the original source so as to be directly descended from that source.

To be "traceable" to something means that the assets under consideration must have followed as ascertainable course or trail in successive stages of development or progress from the original source.

While deliberating concerning the issue of forfeiture, you must not reexamine your previous determination regarding the defendants' guilt.  However, all of the

instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.